JACOB WALSH AND OTHERS *v.* JACOB WEIDENFELD, WIFE, AND OTHERS.

On a motion, properly noticed, for final judgment in an action for foreclosure, the court may grant to the moving party a further allowance under the last clause of section 309 of the Code of Procedure. It is not necessary, in such a case, that a separate motion, on affidavits, should be made, as the parties are, or might be, before the court on the motion for judgment, and the pleadings and proceedings in the action are all the evidence required to enable the court to determine the question.

A defendant who has appeared in the action, but has failed to answer, is entitled to but one notice of motion for the relief demanded in the complaint. Hence where in a foreclosure suit, the plaintiff, on notice to the defendant, moved for judgment on defendants' failure to answer, and for a reference to compute the amount due, &c., which was granted ; *Held* that, on the coming in of the report, the plaintiff might, without further notice, apply to the court forthwith for judgment on the report, without waiting eight days for exceptions to be filed by the defendant.

SPECIAL TERM, *November,* 1870.

MOTION by the defendants, Weidenfeld and wife, to vacate a judgment for irregularity.

The grounds of the motion are fully stated in the opinion.

*Horace Russell,* for the motion.

*Roosevelt, Henry & Olin,* opposed.

JOSEPH F. DALY, J.—This is an action for the foreclosure of a mortgage on real estate situated in the city of New York. No answer nor demurrer was interposed by any of the defendants. The defendants, Weidenfeld and wife and the Third Avenue Savings Bank, appeared before the time to answer expired. After the time to answer expired, the plaintiff served a notice of eight days on the attorneys of the defendants, Weidenfeld and wife and the Third Avenue Savings Bank, of a motion " on the pleadings and proceedings, and on proof of service of the summons and complaint herein upon, and of the

appearance of all the defendants except Francis Probst, and of the service of the summons herein, together with notice of the object of the action upon said Probst, and on an affidavit of Stephen H. Olin, that the whole amount of said mortgage is due, and that none of the defendants have put in any answer or demurrer, and that there are no infant defendants, that none of the defendants are absentees, and that due notice of the pendency of the action was filed," &c., " for an order referring it to the clerk or some suitable person as referee to compute the amount due to the plaintiff, and to such of the defendants as are prior incumbrances, and that on the coming in of the report of such referee, the undersigned will move the court for the relief demanded in the complaint." These motions, on their return day, were adjourned by consent of the attorneys of the defendants appearing to October 28th, 1870. On this latter date the plaintiff took by default an order referring it to the clerk of the court to ascertain and report the amount due the plaintiff, and prior incumbrances. The reference before the clerk was immediately proceeded with, and his report made out and delivered to the plaintiff, who immediately presented it to the court and obtained an order granting the plaintiff two and a half per cent. allowance under the amendment of 1870 to section 309 of the Code, and also obtained judgment of foreclosure and sale as prayed for in the complaint. The defendants, Weidenfeld and wife, now move to vacate and set aside or modify such judgment (which was entered) on the ground that the entering judgment was irregular: " 1. In adding to the amount of the costs inserted in the judgment and in procuring an additional allowance granted *ex-parte*, no notice of motion for an additional allowance ever having been served on the defendants' attorneys; 2. In entering judgment of foreclosure and sale before the proper time, and without having filed the referee's report and served notice of filing upon the defendants' attorneys, &c., as required by the 32d rule and by the practice of this court."

The 309th section of the Code, relating to " further allowance," contains no provision requiring notice of application for such allowance to be made by motion or on affidavits, but

prior to the present year 1870, it has been settled by numerous decisions that where a further allowance "in difficult and extraordinary cases" is applied for after the trial of the action, it must be made on affidavits and on notice; but where it is applied for immediately after the trial to the court which tried the action, it need not be made on affidavits or on notice. The reason of the rule has also been well stated, *i. e.*, that in the former case the court must have some evidence before it to judge, whether the cause is difficult and extraordinary, and the other party must have an opportunity to be heard on that point, while in the latter case the court which has already tried the cause, has the best possible means of judging of this fact, and the other party is then, or ought to be, in court to oppose the application. The principle that underlies these decisions is, that the court which is to exercise its discretion as to whether the cause is "difficult and extraordinary," must have evidence before it to determine the fact, and that the party against whom the allowance is applied for, must not be surprised by an unusual time or mode for the application. It is undoubted that when the cause is before the court for final adjudication upon the rights of all the parties, the court has the power to dispose of the question of an extra allowance, if it be raised by any party, and on such an occasion it is the duty of counsel to be present and be prepared for such a motion. The subdivision under which the plaintiff applied for his 2½ per cent. further allowance, is an addition to section 309 which was made by the Legislature of the present year. It does not require that the cause should be difficult or extra-ordinary, nor does it call for any information to the court, except what the complaint furnishes, viz. : that the action is for "the foreclosure of a mortgage." On this fact alone, the court must act in granting or withholding the allowance which by the statute it is permitted to give, and when the plaintiff, presenting the complaint and all proceedings in his foreclosure to the court, asks the allowance, the court has all the evidence it can possibly require, and evidence which admits of no dispute. The question then remains, whether the defendant who can add nothing to and take nothing from this evidence on

Walsh v. Weidenfeld.

which the court is to act, and can furnish no grounds which the court, under the amendment of 1870 to section 309, can consider in granting or refusing the allowance, should be specially notified that the allowance will be asked for at the time the motion is to be made for the final adjudication upon the rights of the parties to the suit.  I think not.  Any decisions made with reference to like applications in " difficult and extraordinary cases," prior to the amendment of 1870, have no bearing on this question as to allowances " in foreclosure " cases, even if there were reported cases of *ex-parte* applications on judgment by default, which I have not been able to find. My view is that, when a party is regularly before the court on notice of final adjudication of his rights in the action of foreclosure, whether it be for default of answer, or upon issues raised by pleading, and the court grants the relief he demands, he may properly make then and there his suggestion to the court that a further allowance be made him under the last amendment to section. 309.  The opposing party is as much bound to be present to resist such an application, when he has not pleaded, as he would be if he had put in his answer, and the issues were noticed for trial, and his failure to attend in the former case will not prevent the application any more than it would in the latter.  Of course, if the plaintiff neglect to make his application at the time his motion for relief is disposed of, it may be questionable whether he can make it on a subsequent day (when the opposing party can have no possible notice that he will apply to the court for any order in the action), unless on due motion.  The point turns on the fact whether when all parties are duly notified to attend the application for final relief, and may be present to hear the application for the allowance the plaintiff asks for it.  If they are not present, they must not complain since their default prevents their being heard.  The plaintiff was, therefore, regular, in my opinion, in applying for the extra allowance when his motion for the relief demanded in his complaint came on to be heard providing the latter motion was regularly made.  This depends upon whether he was obliged to file the report of the referee finding the amount due to him and the prior incumbrances, and

wait eight days for exceptions by the defendant before applying for judgment of foreclosure and sale. The plaintiff's proceedings are governed by section 246 of the Code, subdivision 2. There was no answer by the defendants, but they had appeared; they were, therefor, "entitled to eight day's notice of the time and place of application to the court for the relief demanded in the complaint." This notice was given by the plaintiff. On that motion coming on, the court had the right to take the account, or in its discretion to order a reference for the purpose. The plaintiff need not have moved for that reference, and his motion for it availed nothing, for it was discretionary with the court. So much of the plaintiff's notice as stated he would move for a reference to the clerk, or some suitable person, to take proof of the amount due him or the prior incumbrances, was unnecessary, superfluous, and might be disregarded. If he had not moved for such reference, and the court had ordered it, instead of taking the proof itself, the defendants could not have required the plaintiff to file the referee's report, and, after waiting eight days for exceptions, give another notice of eight days of motion for final relief. The defendant, under section 246, is entitled to but one notice of motion for the relief demanded in the complaint, but if his view of the practice is correct, he would be entitled to two notices. There is no authority for such practice. The motion for relief on default of answer brings the whole matter before the court for final determination, and it may take the proof necessary "to enable it to give judgment," or send it to a referee for the same purpose, never losing its control of the application for the final judgment, which it obtained by the original notice of motion. The 71st rule of the court making special provision for such references in foreclosure cases, makes no provision for filing the referee's report, and as it is a special rule, it excepts this class of references out of the general provisions of rule 32. The defendant's motion is denied, the plaintiff's proceedings being regular in all respects.

Motion denied.